```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF VERMONT
```

PATRICIA CROWLEY,                        :
         Plaintiff,                      :
                                         :
             v.                          :    File No. 1:07-CV-10
                                         :
STEVEN ERDMANN, S.T. GRISWOLD &          :
COMPANY, INC., and QUIKRETE              :
COMPANIES, INC.,                         :
         Defendants.                     :
_____ :

                RULING ON DEFENDANT'S MOTION TO DISMISS
                              (Paper 23)

For the reasons that follow, Defendant S.T. Griswold & Company, Inc.'s ("Griswold") motion to dismiss Counts III, IV, and VI of Plaintiff Patricia Crowley's ("Plaintiff") first amended complaint ("complaint") is denied.

I.   Count III (Invasion of Privacy)

Griswold's initial claim is propelled by Fed. R. Civ. P. 12(b)(6) and aims at the sufficiency of Count III, specifically focusing on the complaint's absence of any link between Griswold and the alleged actions of a private investigator that resulted in the publication of private information. (Paper 10 at ¶¶40, 60-67). While Count III certainly could have been drafted more precisely to explain exactly which Defendants are alleged to have been involved in the publication, Count III expressly points to Griswold as being vicariously liable for the misconduct of its employee, Defendant Steven Erdmann ("Erdmann"). (Paper 10 at

1

¶64).  Erdmann's alleged misconduct includes, among other things, making unwelcome and highly offensive sexual comments and insults to Plaintiff about her body and grabbing Plaintiff's buttocks. (Paper 10 at ¶¶20, 23).  Seen in this light, the complaint sets forth sufficient factual averments to support a claim of invasion of privacy against Griswold for Erdmann's actions.  See Harris v. Carbonneau, 685 A.2d 296, 300 (Vt. 1996) (explaining that "[i]nvasion of privacy is a substantial, intentional intrusion upon the solitude or seclusion of another, or upon his private affairs or concerns, which would be highly offensive to a reasonable person").

II.  Counts IV and VI (Hostile Work Environment and Retaliation under the Vermont Fair Employment Practices Act)

Griswold next moves to dismiss Counts IV and VI under Fed. R. Civ. P. 12(b)(1) arguing "[t]he existence of an employment relationship is a jurisdictional requirement for bringing an action under . . . the Vermont FEPA."  (Paper 23-1 at 7).  And, so the argument goes, Plaintiff is simply unable to show she was an employee of Griswold under the definition set forth in 21 V.S.A. § 495d(2): "'Employee' means every person who may be permitted, required or directed by any employer, in consideration of direct or indirect gain or profit, to perform services." (Paper 23-1 at 7-9).  In an attempt to make clear that Plaintiff

cannot meet § 495d(2)'s definition, Griswold has submitted the affidavit of Alyssa Chase ("Chase").  (Paper 23-2).[1]

Even were the Court to accept Griswold's position that to bring Counts IV and VI Plaintiff must have been an employee of Griswold as defined in § 495d(2), the question of whether Plaintiff meets this definition is clearly a factual matter incapable of resolution at this stage.  That is, Chase says Plaintiff does not fit § 495d(2)'s definition (Paper 23-2) while Plaintiff's verified complaint says that she does (Paper 10 at ¶¶15-19).  See Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (explaining that a verified complaint is the equivalent of an affidavit).  Considering the discretion afforded to the Court under these circumstances, see Alliance for Envtl. Renewal, Inc., 436 F.3d at 88, the Court concludes that the jurisdictional issue surrounding Counts IV and VI would best be resolved at the summary judgment stage or at trial.

III. Conclusion

Accordingly, Defendant's motion requesting dismissal of Counts III, IV, and VI is DENIED.

SO ORDERED.

---

[1] Consideration of Chase's affidavit does not convert Griswold's 12(b)(1) motion into a summary judgment motion.  See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 88 n.8 (2d Cir. 2006) (citing Kamen v. AT&T Co., 791 F.2d 1006, 1110-11 (2d Cir. 1986)).

Dated at Brattleboro, in the District of Vermont, this 15th day of June, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge